UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD UMINA,<br><br>Plaintiffs,<br><br>v.<br><br>RODERICK MACKENZIE, et al.,<br><br>Defendants. | No. 2:18-cv-02767 TLN CKD (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

On December 12, 2018, the undersigned held a hearing on plaintiff's motion to remand this action to state court. (ECF No. 11.) Defendants opposed the motion, and plaintiff filed a reply. (ECF Nos. 14 & 16.) Plaintiff Umina appeared pro se, and defendant Mackenzie appeared for defendants. At the close of the hearing, the court took the matter under submission.

I.  Background

Plaintiff ("Leonard") filed this action against his father ("Lucas") and his father's attorney, Roderick MacKenzie, on June 20, 2018 in the Sacramento County Superior Court. (ECF No. 1-3, ("Cmplt.")) Defendants removed the action to the District of Montana, asserting diversity jurisdiction under 28 U.S.C. § 1332(a).[1] On October 11, 2018, a federal magistrate

---

[1] Defendants explain the removal to Montana as follows: "Defendant MacKenzie is admitted to Federal Court in Montana and believed that the Montana District Court was a proper venue pursuant to § 1441(a) and (b) since neither he, nor any of the other parties, are domiciled in Montana and said venue provided complete diversity in compliance with 28 U.S.C. § 1441 (a)

1

judge transferred the case to the Eastern District of California, as "the removal statute permits removal only 'to the district court of the United States for the district and division embracing the place where [the state court] action is pending." 28 U.S.C. §§ 1441(a), 1406(a). (ECF No. 5)

In the complaint, plaintiff alleges that in 2008, defendants sued him in the El Dorado Superior Court "for various causes of action related to [the] alleged misuse of trust funds by Plaintiff." (Cmplt., ¶ 9.) This action resulted in an award of over $1 million to defendant Lucas. (Id., ¶ 10.) In 2010, however, due to procedural flaws in the first trial, the case was retried with a resulting judgment to Lucas of only $229,000. (Id., ¶ 14.) "During this time, the Defendants refused to withdraw the 2008 Judgment, which was clouding the title to Plaintiff's property." (Id., ¶ 13.) Plaintiff asserts that defendants secured this lien for the improper purpose of harassing him and his family. (Id., ¶ 16.)

In 2014, defendants sued plaintiff in the El Dorado Superior Court challenging his transfer of a piece of real property in El Dorado Hills to his wife, Vicki Umina.[2] Defendants alleged that plaintiff transferred the property to avoid satisfying the 2010 judgment. In 2015, plaintiff successfully moved to have that case dismissed, but it continued on appeal for two more years. (Id., ¶¶ 17-19, 24.) Plaintiff alleges that defendants have engaged in "repeated and extensive litigation dating back to 2002, [spanning] multiple states and jurisdictions" for the purpose of harassing him and his family due to a personal vendetta. (Id., ¶¶ 20-24.)

Plaintiff asserts claims for malicious prosecution, abuse of process, several counts of fraud, trespass, and conspiracy. (Id. at 6-17.) He asserts that, as a result of the 2014 litigation, he has suffered damages in the form of attorneys' fees and costs and also "inopportune market and interest rate variations, emotional distress, mental suffering, impairment to reputation and losses sustained to [his] business." (Id., ¶ 34.) He seeks unspecified compensatory damages, plus attorney's fees and costs for the 2014 action. Id. at 17.

---

and (b)." (ECF No. 14 at 1-2.)

[2] Plaintiff's wife Vicki has a 2016 action for malicious prosecution pending in the Sacramento Superior Court. Upon remand of the instant action, plaintiff intends to seek consolidation of this action and Vicki's case. (ECF No. 11 at 3.) Defendants believe that Vicki's case has been stayed since September 2016, but "have no objection to joining the cases in court." (ECF No. 14 at 2.)

2

Defendants filed a Notice of Removal to the U.S. District Court, District of Montana, on October 4, 2018. They concurrently filed an Answer, which stated that defendant Mackenzie was a resident of California. (ECF No. 2, ¶ 5.)

II.     Motion to Remand

In his motion, plaintiff asserts that defendant MacKenzie is a citizen of California and a party in interest properly joined. (ECF No. 11 at 2.) In their opposition, defendants acknowledge that MacKenzie is "a California resident and party." (ECF No. 14 at 1.)

Generally speaking, defendants may remove to the appropriate federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The propriety of removal thus depends on whether the case originally could have been filed in federal court." City of Chi. v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997). To establish diversity jurisdiction, the party asserting jurisdiction has the burden of showing that there is complete diversity between the parties and that the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The diversity statute is strictly construed, and any doubts are resolved against finding jurisdiction. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1092 (9th Cir. 1983) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941)).

Actions cannot be removed on the basis of diversity if any defendant properly joined and served is a citizen of the state in which the action is brought, even though diversity exists and the action could have been filed originally in federal court. 28 U.S.C. § 1441(b)(2); Spencer v. United States Dist. Ct. for Northern Dist. of Calif., 393 F.3d 867, 870 (9th Cir. 2004) ("It is . . . clear that the presence of a local defendant at the time removal is sought bars removal."). Here, defendants removed a Sacramento Superior Court case to the federal district of Montana; yet the proper federal district was in California, where MacKenzie is a resident. Thus removal to the Eastern District of California is barred under the removal statute.

Moreover, defendants have failed to establish diversity jurisdiction. The complaint does not seek a specified amount in damages. Defendants assert that the amount in controversy meets or exceeds $75,000 because plaintiff alleges that his father has "real estate holdings in

3

Massachusetts, Texas, and Washington worth many millions of dollars" to which plaintiff asserts some claim (Cmplt., ¶ 61); however, this general allegation is not sufficient to meet defendant's amount-in-controversy burden. See Prasad v. Ocwen Loan Servicing, LLC, 2015 WL 4662785 at *4 (E.D. Cal. Aug. 5, 2015) (in diversity cases, the "liberal standard for jurisdictional pleading is not a license for conjecture."), citing Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1268 (11th Cir. 2000).[3]

Based on the foregoing, the undersigned concludes that this action should be remanded to state court.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for remand (ECF No. 11) be granted; and

2. This action be summarily remanded to the Sacramento County Superior Court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 13, 2018

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / umina2767.remand_fr

---

[3] Defendants seek judicial notice of documents relating to the parties' past conflicts and litigation. (ECF No. 15.) Because none of these documents appear relevant to the issue of removal jurisdiction, judicial notice is not warranted.

4